NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRY SONNEVELDT; ESTHER WRIGHT SCHNEIDER; SHANNON PROVEN; BRIAN HUME; JEAN LEVASSEUR; CHRISTOPHER LACASSE; TIM HALWAS; ERIN MATHENY; LEWIS DELVECCHUI; JON SOWARDS; JACQUELINE S. ASLAN; DAVID DENNIS; LAWRENCE BOHANA; MONIKA BOHANA, on behalf of themselves and all others similarly situated; et al., | No.   23-55325<br><br>D.C. No.<br>8:19-cv-01298-JLS-KES<br><br>MEMORANDUM[*] |
| Plaintiffs-Appellants, | |
| v. | |
| MAZDA MOTOR OF AMERICA, INC., DBA Mazda North American Operations; MAZDA MOTOR CORPORATION, | |
| Defendants-Appellees, | |
| ─────────────────────────── | |
| FORD MOTOR COMPANY, | |
| Intervenor. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted October 21, 2024
San Francisco, California

Before: WARDLAW and SANCHEZ, Circuit Judges, and LYNN,[**] District Judge.

Plaintiffs appeal the district court's order granting Defendants' motion to exclude the merits report and testimony of Christopher White, Ph.D., granting Defendants' motion for summary judgment, and decertifying the classes.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

At the merits stage, we review a district court's ruling on the admissibility of expert testimony under an abuse of discretion standard. *Tekoh v. County of Los Angeles*, 75 F.4th 1264, 1265 (9th Cir. 2023) (citing *United States v. Redlightning*, 624 F.3d 1090, 1110 (9th Cir. 2010)). We review "a summary judgment ruling de novo." *Zellmer v. Meta Platforms, Inc.*, 104 F.4th 1117, 1121 (9th Cir. 2024) (citation omitted). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[**] The Honorable Barbara M. G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

[1] Given that we are at the merits stage, we apply a different standard of review than the one we applied in our companion case *Johnson v. Nissan N. Am., Inc.*, 22-16644, 2024 WL 4784367 (9th Cir. Nov. 14, 2024), which involves an interlocutory appeal of a class certification order. *See Lytle v. Nutramax Lab'ys, Inc.*, 114 F.4th 1011, 1023 (9th Cir. 2024) (stating that "class certification is different from summary judgment").

law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* We review a district court's decision to decertify a class under an abuse of discretion standard. *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 946 (9th Cir. 2011) (citation omitted).

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Federal Rule of Evidence 702 ("FRE 702") impose a gatekeeping duty on a district court reviewing a challenge to the opinion of an expert witness. *Primiano v. Cook*, 598 F.3d 558, 564–65 (9th Cir. 2010). In exercising its role as a gatekeeper, a district court must determine whether a challenged expert opinion is relevant and reliable. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (en banc). A district court has "considerable leeway" in deciding whether an expert's testimony is reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). An expert's opinion will be excluded if it does not have a "reliable foundation" or if it is not based "in the knowledge and experience of [the relevant] discipline." *Id.* at 141, 149 (quoting *Daubert*, 509 U.S. at 592). A district court "may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). The

3

district court may also apply a "testability" factor to determine whether "[s]omeone else using the same data and methods . . . [is] able to replicate the result" found by the challenged expert. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1047 (9th Cir. 2014).

In excluding Dr. White's opinion, the district court identified several fundamental deficiencies in his opinions and methodology. The district court did not improperly weigh the evidence in exercising its gatekeeping role. Instead, the district court determined that Dr. White failed to provide sufficient facts and data to "support . . . every necessary link" in his theory, *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 606 (9th Cir. 2002), because Dr. White opined that the elastomer bellows in the Class Vehicles were subject to "accelerated degradation" without presenting any comparative evidence of typical degradation rates. The district court further found that Dr. White did not satisfactorily explain or support the methodology he employed, thereby failing to satisfy FRE 702, which "screen[s] the jury from unreliable nonsense opinions." *See Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013). The district court determined that Dr. White's "observation that the bellows that he examined showed degradation" did not establish that this degradation was the *cause*, as opposed to the *effect*, of the water pump failure. The district court also concluded that the four failed water pumps on which Dr. White relied were not a sufficient

4

basis to support his "root cause" theory of defect. *See Grodzitsky v. Am. Honda Motor Co.*, 957 F.3d 979, 985 (9th Cir. 2020) (affirming district court's exclusion of an expert opinion in part because the expert sought to utilize a "small sample size to prove a common defect"). The district court did not abuse its discretion in any of these determinations.

Appellants contend that the district court abused its discretion by excluding Dr. White despite his extensive education and credentials. Regardless of one's qualifications, an expert must still base his opinions on sufficient facts and data and a reliable methodology. "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co.*, 522 U.S. at 146. The district court did not abuse its discretion in determining that Dr. White's opinion was neither reliable nor based on an adequate foundation.

Having properly excluded Dr. White's opinion, the district court did not err by granting summary judgment to Defendants. Without Dr. White's testimony, Plaintiffs could not prevail on their claims, which are based upon the assertion that Defendants' vehicles contained defective water pumps. There is no other evidence on which Plaintiffs rely that creates a fact question as to whether the alleged defect caused the water pumps to fail.

Finally, the district court did not abuse its discretion by decertifying the

classes.[2] A district court "remains free to modify [a class certification order] in the light of subsequent developments in the litigation." *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982) (citing Fed. R. Civ. P. 23(c)(1)). Given the absence of evidence of a defect, there is no common claim to be pursued by classes of Plaintiffs. Accordingly, the district court did not abuse its discretion when it decertified the classes.

**AFFIRMED**.

---

[2] Specifically, the district court decertified all of the previously certified classes, which included California, Massachusetts, Michigan, Missouri, Ohio, and Virginia classes.